IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julian Gago de Medeiros,<br><br>        Petitioner,<br><br>v.<br><br>Eric J. Holder, Jr.,* et al.,<br><br>        Respondents. | No. CIV 06-0816-PHX-JAT (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

    Petitioner Julian Gago de Medeiros has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention by immigration authorities pending the conclusion of his appeal of the government's decision to order him removed to Portugal.[1] Because de Medeiros seeks relief to which he is not entitled and on several occasions has refused to participate in the only relief to which he is entitled, the Court recommends that his petition be denied as moot. The Court will also deny all pending motions as moot, or with a recommendation for denial by the District Court.

---

    *Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Eric J. Holder, Jr. is substituted as Attorney General for Michael B. Mukasey.

    [1] His original petition was filed in the United States District Court for the Northern District of California. Upon his transfer from state custody to the Eloy Detention Center, the Court dismissed the action for lack of jurisdiction (Doc. #16). The Ninth Circuit remanded and the District Court vacated the dismissal (Doc. #25). His amended petition again challenges his continued detention (Doc. #32).

| | |
|---|---|
| 1 | **UNDERLYING REMOVAL PROCEEDINGS** |

On or about September 5, 1965, de Mederios, a 59 year-old native and citizen of Portugal, was admitted to the United States. On September 8, 1978, his status was adjusted to that of lawful permanent resident (Doc. #42, Exh 1, 2). On June 8, 1995, he was convicted of 72 felony counts of making a false statement to obtain disability insurance and supplying a false medical certificate to obtain disability insurance in violation of sections 2101 and 2116 of the California Unemployment Insurance Code. He was sentenced to an enhanced ten-year prison term and required to pay restitution in the amount of $280,490.80 (*Id*., Exh 22, R.T. 2/10/2006 at 4, 7).

On December 14, 2005, the Department of Homeland Security issued a Notice to Appear, charging de Medeiros with removal pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act, for having been convicted of an aggravated felony as defined in section 101(a)(43)(M) of the Act relating to an offense involving fraud or deceit in which the loss to the victim or victims exceeds $10,000 (*Id*., Exh 3). On December 20, 2005, after de Medeiros was released from state custody, the government took him into custody (*Id*., Exh 21). On February 1, 2006, the government filed an additional charge of removability under section 237(a)(2)(A)(ii) of the Act for having been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct (*Id*., Exh 4). On February 10, 2006, de Medeiros admitted the allegations of alienage, and denied the charges of removability (*Id*., Exh 19, R.T. 2/10/06 at 24-27). Following the government's submission of conviction documents and additional documents into evidence, the immigration judge sustained all of the allegations and the aggravated felony charge of removability (*Id*., Tr 27-28, 44-47, Exh 5). The immigration judge ordered de Medeiros removed to Portugal; de Medeiros reserved appeal (*Id*., Exh 6).

On March 1, 2006, de Medeiros filed a Motion to Reconsider, requesting a correction of an alleged error of material fact in the removal order (*Id*., Exh 7). On March 7, 2006, the immigration judge denied the motion (*Id*., Exh 8, 22). On March 8, 2006, de Medeiros filed

a Notice of Appeal with the Board of Immigration Appeals (BIA) (*Id.*, Exh 9). On April 24, 2006, de Medeiros sought an extension of time from the BIA for filing his appeal brief (*Id.*, Exh 10). On April 27, 2006, the government requested from the BIA a summary affirmance of the immigration judges' removal order (*Id.*, Exh 11). On May 7, 2006, de Medeiros again requested an extension (*Id.*, Exh 12). On May 31, 2006, de Medeiros filed his appeal brief (*Id.*, Exh 13). On June 21, 2006, the BIA dismissed the appeals of both his motion to reconsider and the decision ordering him removed (*Id.*, Exh 14). On June 30, 2006, de Medeiros filed a Petition for Review with the Ninth Circuit Court of Appeals; the Court issued a stay of removal (*Id.*, Exh 20). That stay of removal will remain in effect until the issuance of the mandate. *See de Medeiros v. Mukasey*, C.A. No. 06-73321.

## CUSTODY DETERMINATIONS

On August 11, 2006, the government served de Medeiros with a Notice to Alien of File Custody Review which de Medeiros refused to sign in acknowledgment of having received it (Doc. #42, Exh 15). On September 22, 2006, the government issued a decision to continue detention (*Id.*, Exh 16). Following a similar notice issued on September 10, 2007, the government again decided to continue detention on October 23, 2007 (*Id.*, Exh 17, 18).

On August 25, 2008, the government notified de Medeiros of his entitlement to a bond hearing as a result of the recent Ninth Circuit decisions issued in *Casas-Castrillon v. Department of Homeland Security*, 535 F.3d 942 (9th Cir. 2008) and *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008). The government informed this Court that as of October 2, 2008, de Medeiros had not requested such a hearing (Doc. #54, Exh 26). On December 2, 2008, the government filed a motion to set a *Casas* bond hearing. The Immigration Court scheduled the bond hearing for December 12, 2008; de Medeiros requested a continuance because he was not prepared (Doc. #85, Exh 1, Informal Transcript - 12/12/08 Hearing). The hearing was continued to February 27, 2009. On February 27, 2009, de Medeiros objected to the hearing because he had not requested it. The government reurged its motion to set the

1 *Casas* hearing and the immigration judge again continued the proceedings to April 24, 2009
2 (*Id.*, Exh 2, Informal Transcript - 2/27/09 Hearing). At the April 24 proceeding, de Medeiros
3 again objected to the hearing, contending that the court did not have jurisdiction because he
4 had not requested the hearing and he could not be forced to participate in the hearing. The
5 immigration judge reminded de Medeiros that the hearing had been twice postponed to allow
6 him to decide whether he wanted such a hearing and to allow him to prepare for the hearing.
7 The immigration judge issued an order taking no action on the bond. This Order was based
8 upon de Medeiros's insistence that (1) the case had been continued for him to research the
9 jurisdictional issue; (2) it would violate his due process rights to force him to have a *Casas*
10 bond hearing if he did not want one; (3) participating in a *Casas* bond hearing would deprive
11 him of the opportunity to request a *Casas* hearing later at a time of his choosing; and (4) the
12 immigration judge did not have jurisdiction and de Medeiros did not want a bond hearing on
13 that date (*Id.*, Exh 3, Informal Transcript - 4/24/09 Hearing).[2]

## LEGAL DISCUSSION

In his supplemental pleadings, de Medeiros has argued for his immediate release based upon the Ninth Circuit's decision in *Kawashima v. Mukasey*, 530 F.3d 1111 (9th Cir. 2008). He contends that *Kawashima* renders his removal order invalid. However, as the government points out, the READ ID Act of 2005 deprives this Court of jurisdiction to review any claims regarding de Medeiros's final Order of Removal. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929 (9th Cir. 2005). Because de Medeiros's appeal of his final order of removal is currently pending before the Ninth Circuit,[3] and the Court of Appeals has

---

[2] The government also filed with the Court a certified copy of the audio tape recordings of those hearings and CD rom disks made from those audio recordings. In addition, multiple CD rom recordings of the certified tapes have been produced and provided to de Medeiros along with the informal transcripts.

[3] In March, the Ninth Circuit granted de Medeiros's motion to hold the appeal in abeyance pending their en banc reconsideration of *Kawashima*, and briefing has been suspended pending further order of the Circuit Court.

- 4 -

issued a stay of removal, his detention is governed by 8 U.S.C. § 1226(a). *Casas-Castrillon*, 535 F.3d at 947. In addition, the Court has determined that de Medeiros's detention under 8 U.S.C. § 1226(a) is lawful. The only relief to which de Medeiros is entitled under statute or case law is a bond hearing in which the government bears the burden of establishing his risk to the community or flight risk. 8 U.S.C. § 1226(a); *Casas-Castrillon*. As evidenced from the transcripts of both proceedings, when the government attempted to provide de Medeiros with the only relief to which he is entitled under *Casas* - a bond hearing, he has repeatedly and fervently declined to participate. His petition is therefore moot as the government has offered the relief to which he is entitled.[4]

**IT IS THEREFORE RECOMMENDED** that Julian Gago de Medeiros' Amended Petition for Writ of Habeas Corpus be **dismissed as moot** (Doc. #32).

**IT IS FURTHER RECOMMENDED** that de Medeiros' Motion for Temporary Restraining Order/Preliminary Injunction/Summary Judgment **be denied** (Doc. #56).

**IT IS FURTHER ORDERED** that Julian Gago de Medeiros' Motions to Compel, Produce and/or Supplement, and for E tensions **are denied as moot** (Doc. ##55, 61, 64, 65, 67, 70, 75, 82, 83, 89, 90).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and

---

[4] Because the Court finds the petition is moot, it need not discuss de Medeiros's combined Motion for Temporary Restraining Order/Preliminary Injunction/Summary Judgment, other than to recommend denial of the motion.

Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 18th day of August, 2009.

_____
David K. Duncan
United States Magistrate Judge