**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julian Gago de Medeiros, ) | No. CV 06-816-PHX-JAT |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Eric J. Holder, Jr.; et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |
| ) | |

On January 7, 2010, this Court adopted the Report and Recommendation and denied the Petition for Writ of Habeas Corpus. Doc. #107. On January 12, 2010, the Court issued the following Order:

> On January 7, 2010, this Court signed an order denying the Petition in this case.[1] On January 8, 2010, Petitioner filed a motion for extension of time to file objections.[2] As recounted in the January 7, 2010 order, even if the Court had granted Petitioner's seventh request for extension of time to file objections, the objections were due by December 17, 2009. Therefore, Petitioner's eighth request for extension of time filed on January 8, 2010 is both untimely and, because the Court has entered judgment, moot. Accordingly,
>
> IT IS ORDERED that Petitioner's eighth request for extension of time to file objections (Doc. #109) is denied.

Doc. #110.

---

[1] The Clerk's office did not file this Order until January 8, 2010.

[2] The Clerk's office did not file this Motion until January 11, 2010.

On January 19, 2010, Petitioner moved for reconsideration of the judgment and sought a further extension of time (until February 5, 2010) to file his objections.[3] Doc. #111. As the Order of January 12, 2010 recounted, Petitioner received multiple extensions of time to file his objections, but nonetheless never filed timely objections. Although Petitioner cites Rule 59(e)[4] and 60(b)[5] in his motion for reconsideration as his basis for relief from judgment, Petitioner's only argument for relief is that he still wants to file objections. Petitioner offers no explanation as to why he could not timely file his objections in the almost five months between when the Report and Recommendation was filed and when this Court entered judgment. Based on this record, the Court finds no basis for relief under Rule 59(e) or Rule 60(b). Therefore,

IT IS ORDERED that Petitioner's Motion for Reconsideration (Doc. #111) is denied.

DATED this 19th day of March, 2010.

_____
James A. Teilborg
United States District Judge

---

[3] To date, no objections have been filed.

[4] Relief under Rule 59(e) is appropriate: 1) to accommodate an intervening change in controlling law; 2) to account for newly discovered evidence; or 3) to correct a manifest error of law. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998).

[5] The Court may grant a 60(b) motion for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) a void judgment; (5) a satisfied, released or discharged judgment, or (6) "extraordinary circumstances" which would justifying relief. Fed. R. Civ. P. 60(b); *see Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991).